09-3400-cv
Jenkins v. NYC Department of Homeless Services

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of August, two thousand and ten.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THEODORE JENKINS,

   *Plaintiff-Appellant,*

  -v.-              No. 09-3400-cv

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,

   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Theodore Jenkins, *pro se*, New York, NY. |
| **FOR** *AMICUS CURIAE*<br>**THE LEGAL AID SOCIETY:** | Scott Rosenberg, The Legal Aid Society, New York, NY. |
| **FOR DEFENDANT-APPELLEE** | Elizabeth S. Natrella, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel, *on the brief*; Leonard Koerner and Thomas Crane, *of counsel*), New York City Law Department, New York, NY. |

1

Appeal from a July 8, 2009 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant Theodore Jenkins, proceeding *pro se*, appeals from a July 8, 2009 judgment of the District Court granting defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Jenkins alleged that the decision of the New York City Department of Homeless Services ("DHS") to place him in a mental health shelter as opposed to a general population shelter violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, the Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12132, the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, and Article 78 of the New York Civil Practice Law and Rules. On appeal, Jenkins explicitly abandons his constitutional and Article 78 claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* a District Court's dismissal for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). We read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

### A.

With respect to each of Jenkins's claims except for that under the FHA, we conclude, substantially for the reasons stated by the District Court in its July 7, 2009 order, *Jenkins v. N.Y. City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507 (S.D.N.Y. 2009), that amendment would be futile and that Jenkins's complaint fails to state a claim upon which relief can be granted.

### B.

With respect to Jenkins's claim under the FHA, we affirm for reasons other than those stated by the District Court, *Jenkins*, 643 F. Supp. 2d at 516-20, because we conclude that the District Court erred in reaching the question of whether (1) the shelter is a "dwelling" and (2) Jenkins is a "renter" under § 3604(f). There is no doubt that DHS did not "make unavailable or deny, a dwelling," 42 U.S.C. § 3604(f)(1), to Jenkins. DHS concluded that, as a result of Jenkins's mental illness—a diagnosis with which Jenkins disagrees but has not challenged—it was safer and more appropriate for Jenkins and other homeless shelter residents for Jenkins to be offered placement in a mental

health shelter than in a general population shelter.  In light of Congress' unequivocal instruction that "[n]othing in [42 U.S.C. § 3604(f)(9)] requires that a dwelling be made available to an individual whose tenancy would constitute a direct theat to the health or safety of other individuals[,]" Jenkins has failed to state a claim under the FHA, and to permit him leave to amend the complaint would be futile.  42 U.S.C. § 3604(f)(9).

## CONCLUSION

We have considered each of Jenkins' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court with respect to each of Jenkins's claims, except for that under the FHA, on the basis of the Order of the District Court dated July 7, 2009.  *Jenkins v. N.Y. City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507 (S.D.N.Y. 2009).  We **AFFIRM** the judgment of the District Court with respect to Jenkins's claim under the FHA on a basis other than that stated by the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court